| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:97-CR-134
§
OWEN GARTH HINKSON §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Owen Garth Hinkson's ("Hinkson") *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#137). Having considered the motion, the record, and the applicable law, the court is of the opinion that Hinkson's motion should be denied.

In 1999, pursuant to a plea of guilty, Hinkson was convicted of illegal reentry after deportation. He was sentenced to 110 months' imprisonment. The sentence was affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Hinkson*, No. 00-40537 (5th Cir. Feb. 1, 2001). Hinkson subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was dismissed on the merits. *Hinkson v. United States*, No. 1:02-CV-395 (E.D. Tex. Oct. 28, 2002). Hinkson filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on February 4, 2005, which was dismissed as successive on March 16, 2005. *Hinkson v. United States*, No. 1:05-CV-97 (E.D. Tex. Mar. 16, 2005). Movant filed a third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was also dismissed as successive. *Hinkson v. United States*, No. 1:18-CV-52 (E.D. Tex. June 13, 2018).

In this motion, Hinkson argues that the enhancement of his sentence as an aggravated felon is unconstitutional pursuant to *Borden v. United States*, 593 U.S. 420 (2021) and *United States v. Faust*, 853 F.3d 39 (1st Cir. 2017).

Citing Rule 60 of the Federal Rules of Civil Procedure, Hinkson now seeks relief from his federal conviction and sentence. Hinkson's reliance on Rule 60, however, is misplaced, as this is a *criminal* proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts[.]" (emphasis added)); *United States v. Garcia*, 804 F. App'x 274, 275 (5th Cir. 2020) ("[C]ivil rule does not apply in criminal cases."); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) (same); *see United States v. Rico*, 797 F. App'x 176, 176 (5th Cir. 2020) ("Rule 60 does not apply in criminal proceedings.") (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1991)); *United States v. Damon*, 59 F. App'x 619, 621 (6th Cir. 2003) (holding that "a defendant simply may not seek relief from a criminal sentence under FED. R. CIV. P. 59(e) or 60(b)"). In short, Rule 60(b) provides no relief from a criminal judgment, as sought by Hinkson.

Under other circumstances, the court might liberally construe Hinkson's motion as a motion to vacate, set aside, or correct sentence. However, because a prior motion to vacate was dismissed on the merits, Hinkson may not file a successive motion to vacate without receiving permission from the United States Court of Appeals for the Fifth Circuit. Hinkson does not state that he has sought or received such permission, and the court has no other jurisdictional basis under which to consider the motion. Therefore, it is

ORDERED that Hinkson's *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#137) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of November, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE